IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RAMON R. INNIS, <br> AIS #304894, <br><br> Plaintiff, <br><br> vs. <br><br> SGT. FINKLEA, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIV. ACTION: 1:19-00295-KD-MU <br> ) <br> ) <br> ) <br> ) |

**ORDER**

This matter is before the Court on the "Motion for Judicial Notice That [t]he Defendant[s] Broke Settlement Agreement," (Doc. 87), and "Notification of Settlement Agreement Violation," (Doc. 88), filed by Plaintiff Ramon R. Innis ("Plaintiff"), an Alabama Department of Corrections inmate. On August 16, 2022, on the parties' notice of settlement, the Court dismissed this action with prejudice subject to the right of any party to reinstate the action within forty-five days should settlement not be consummated. (Doc. 68). When Plaintiff subsequently moved to reinstate the case, the Court denied Plaintiff's motion to reinstate but extended the time frame within which the parties could later move to reinstate. (Doc. 70). The Court granted three succeeding motions for extensions of time. (Docs. 72, 75, 77). Within the 30-day period given by the order on the final motion to extend, Plaintiff filed a motion seeking, among other things, the new appointment of counsel. (Doc. 78). However, the parties' final joint status report in September 2023 revealed that Plaintiff signed the settlement agreement and that the parties anticipated that payment of the settlement funds would issue in the next several weeks. (Doc. 85). The Court thus found as moot Plaintiff's earlier motion seeking, among other things, the new appointment of counsel. (Doc. 86).

Plaintiff's present motion acknowledges that Defendants have sent Plaintiff $7,000 pursuant to the settlement but alleges that he and Defendants agreed to have Plaintiff examined by a dermatologist and an eye doctor, which has not been done. (Doc. 87; see also Doc. 88) (notifying Court that Plaintiff has not been seen by a dermatologist or eye doctor in violation of settlement)).

Here, Plaintiff is still represented by counsel (William Keith Bradford), making this an improper pro se filing by a represented party. See S.D. Ala. GenLR 5(a)(3) ("For filings by represented parties, at least one attorney appearing in the action shall sign each document filed."); U.S. v. LaChance, 817 F.2d 1491, 1498 (11th Cir. 1987) ("It is the law of this circuit that the right to counsel and the right to proceed *pro se* exist in the alternative and the decision to permit a defendant to proceed in hybrid fashion rests in the sound discretion of the trial court."). Additionally, unless the district court incorporates a settlement agreement in its dismissal order or retains jurisdiction over it, it does not retain ancillary jurisdiction to enforce the settlement agreement in a dismissed case. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381–82 (1994). Here, the prior dismissal order neither incorporated the settlement agreement nor retained jurisdiction over it, meaning that the Court has no ancillary jurisdiction to enforce its terms, which is what Plaintiff wants.[1] (See Doc. 68). Accordingly, Plaintiff's Motion, (Doc. 87), is **STRICKEN**. Attorney William Bradford is **DIRECTED** to consult with Defendants and Plaintiff regarding the alleged breach of the settlement agreement.

**DONE** and **ORDERED** the **16th** day of **August 2024**.

/s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE

---

[1] "The practical implication is that [Plaintiff] must file a new suit alleging breach of the settlement contract. If diversity jurisdiction exists, the suit may be filed in federal court." Jackson Supply Co. v. Dev. Consulting, Inc., No. 16-CV-563-KD-C, 2019 WL 1140194 (S.D. Ala. Mar. 12, 2019).